ORIGINAL

FILED ①
U.S. DISTRICT COURT
NORTHERN DIST. OF TX

DEC 16 PM 3: 54

CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | **4-10 CV - 953 - A** |
| v. | § | NO. |
| | § | |
| $30,700.00 IN U.S. CURRENCY | § | |
| | § | |
| Defendant *In Rem*. | § | |

## COMPLAINT FOR FORFEITURE

The United States of America (the Government) files this complaint *in rem* against the Defendant property, to wit, $30,700.00 in U.S. currency (Defendant property). The Government states:

### I.

This Court has subject matter jurisdiction of this cause of action *in rem* by virtue of the provisions of 28 U.S.C. §§ 1345 and 1355(a). The Court has *in rem* jurisdiction because of 28 U.S.C. § 1355(b). Venue is proper under 28 U.S.C. § 1355(b)(1) and 28 U.S.C. § 1395(b).

### II.

The statutory bases for this suit are 31 U.S.C. §§ 5317(c)(2), 5313(a), 5316, and 5324. Also applicable are 31 CFR 103, 31 U.S.C. §§ 5316, 18 U.S.C. § 983, and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture

**Complaint for Forfeiture (Patel) - Page 1**

Actions (Supplemental Rules).

III.

On or about April 25, 2010, the Defendant property was seized at the Dallas/Fort Worth International Airport (DFW) in Irving, Texas within the Northern District of Texas. Specifically, a Department of Homeland Security, U.S. Customs and Border Protection (CBP) Officer detained and searched Suneina Patel at the DFW airport pursuant to 31 USC § 5317(b) to ensure compliance with reporting requirement mandated under 31 USC § 5316. The Defendant property was turned over to the CBP on April 25, 2010, for the institution of federal forfeiture proceedings. The Defendant property was deposited into Budget Clearing Account for the CBP in Indianapolis, Indiana on April 28, 2010. On May 26, 2010, proceedings regarding the Defendant property were approved for administrative forfeiture by the CBP.

IV.

This action *in rem* is being brought in the United States District Court pursuant to the provisions of 18 U.S.C. § 983(a)(3)(A), because **Suneina Patel (Patel)** filed a claim to the Defendant property with the CBP on September 17, 2010, after receiving notice, pursuant to 18 U.S.C. § 983(a)(1)(A), of an administrative forfeiture proceeding.

V.

The names and last known addresses of any known possible claimants to the Defendant property are:

**Complaint for Forfeiture (Patel) - Page 2**

Suneina Patel
2000 E. Marshall Ave.
Longview Tx  75601

Gurudatt D. Patel
2000 E. Marshall Ave.
Longview Tx  75601

Suneina Patel is represented in the CBP administrative forfeiture proceeding against the

Defendant property by attorney Rakesh I. Patel, 580 Decker Dr., Suite 260, Irving, TX

75062.  Gurudatt Patel did not make a claim in the administrative forfeiture proceeding.

VI.

The Defendant property is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2)

because it property involved in a violation of 31 USC §§ 5313, 5316, and 5324.  Facts

justifying forfeiture are more fully set forth in the Verification Affidavit of CBP Officer

John Sears, attached hereto and incorporated herein as Exhibit "A."

VII.

WHEREFORE, the Government requests the following:

1.    The District Clerk issue a warrant for the arrest of the Defendant property as

      provided by Title 28, United States Code, Rule G(3)(b)(i) of the Supplemental

      Rules.

2.    The Defendant property be arrested by the Department of Homeland Security,

      United States Customs and Border Protection, or a designee authorized by law, as

      provided by Title 28, United States Code, Rule G(3)(c) of the Supplemental Rules.

3.      Publications of notice of the Complaint for Forfeiture and warrant for arrest of

property are made on the official Government Internet forfeiture site

(www.forfeiture.gov) for at least 30 consecutive days in accordance with Title 28,

United States Code, Rule G(4)(a)(iv)(C) of the Supplemental Rules.

4.      All persons having any interest in or right against said Defendant property be

advised: (1) by said public notice as required by Title 28, United States Code, Rule

G(4)(a) of the Supplemental Rules; or (2) by direct notice on the known possible

claimant(s) in paragraph V, as required by Rule G(4)(b) of the Supplemental Rules,

to timely file a verified claim identifying the interest or right to the Defendant

property in this Court as required by Rule G(5)(a) and 18 U.S.C. § 983(a)(4)(A); and

to file an answer to this Complaint for Forfeiture or a motion under Fed. R. Civ. P.

12 in the manner required by the provisions of Rule G(5)(b) of the Supplemental

Rules and 18 U.S.C. § 983(a)(4)(B).  Further, any person filing a verified claim of

interest or right and/or an answer shall serve a copy of same on Steven Jumes,

Assistant United States Attorney, c/o Burnett Plaza, Suite 1700, 801 Cherry Street,

Unit #4, Fort Worth, Texas 76102-6882.

5.      After all proceedings are had on this Complaint for Forfeiture, that the Defendant

property be condemned by judgment and order of this Court and declared and

decreed forfeited to the United States of America according to law.

6.      All costs and expenses incurred by the United States in obtaining the condemnation

and forfeiture of the Defendant property be appropriately taxed against any person or

entity who may file a verified claim and answer herein, and/or if more than one person or entity files a verified claim and answer herein be jointly taxed and prorated among them, as the Court deems just and equitable.

7.    The United States have such other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

JAMES T. JACKS
UNITED STATES ATTORNEY

**Steven Jumes**
Assistant United States Attorney
Texas State Bar Number 00796854
Burnett Plaza, Suite 1700
801 Cherry St., Unit 4
Ft. Worth, Texas 76102
Telephone: 817.252.5251
Facsimile: 817.978.3094
**steve.jumes@usdoj.gov**

**Complaint for Forfeiture (Patel) - Page 5**

## AFFIDAVIT

I, John M. Sears, after being duly sworn, depose and state as follows:

## INTRODUCTION

1.  I am a U.S. Customs and Border Protection Canine Officer, Department of
    Homeland Security, currently assigned to the Dallas Office of Field
    Operations. During my career with CBP, I have taken part in and been
    involved with numerous criminal investigations, including investigations of
    the Currency and Monetary Instrument Reporting "CMIR" laws. I have
    received training during my experience with CBP in conducting CMIR
    investigations. I am familiar with and have participated in numerous
    investigations relating to CMIR cases. I have been trained in taking
    declarations from passengers for outbound currency, and further instructed
    with respect to taking binding CMIR declarations on official government
    forms. Further, I have experience in interviewing targets of investigations.

2.  I make this verification for and on behalf of the United States of America.
    The affidavit does not purport to set forth all of my knowledge or
    investigation concerning this case. I declare under penalty of perjury as
    provided by 28 U.S.C. § 1746 that I have read the foregoing Complaint for
    Forfeiture and the facts stated in the Complainant and this declaration are
    true and correct to the best of my knowledge, information, and belief.

GOVERNMENT
EXHIBIT

## PROPERTY FOR FORFEITURE

3.   This declaration is submitted in support of the Complaint for forfeiture filed

against $30,700.00 in U.S. currency (the currency) seized from **Suneina**

**Patel** on April 25, 2010.

## LEGAL AUTHORITY FOR FORFEITURE

4.   Based on my experience and the information contained in the subsequent

paragraphs, I have probable cause to believe the personal property

described in paragraph 3 is subject to forfeiture to the United States

pursuant to 31 U.S.C. § 5317(c)(2) because the currency was involved in a

violation of 31 U.S.C. §§ 5313, 5316 or 5324. These statutes state in

pertinent part that:

    a.   a person shall file a report when the person knowingly transports, is about to transport, or has transported a monetary instrument of more than $10,000 out of the United States.  31 U.S.C. § 5316(a)(1)(A);

    b.   no person shall, for the purpose of evading the reporting requirements of 31 U.S.C. § 5316, fail to file a report required by 31 U.S.C. § 5613.  31 U.S.C. § 5324(c)(1);

    c.   no person shall, for the purpose of evading the reporting requirements of 31 U.S.C. § 5316, file a report required by 31 U.S.C. § 5316 that contains a material omission or misstatement of fact.  31 U.S.C. § 5324(c)(2).

Accordingly, based on my training, experience, and the facts set out in this

affidavit, I believe the $30,700 in currency described in paragraph 3 is

subject to forfeiture pursuant to 31 U.S.C. § 5317 for violation of 31 U.S.C.

§§ 5316 and/or 5324(c).

## FACTS SUPPORTING FORFEITURE

5.    On Sunday, April 25, 2010, I conducted enforcement operations at the
Dallas Fort-Worth International Airport, in Irving, Texas, for KLM airlines
flight number 670 to Amsterdam.  Suneina Patel (Patel) was ticketed on
KLM flight 670 to Amsterdam, with a connecting flight destined to
Mumbai, India.  Before boarding, an announcement was made, in English,
by a KLM gate agent.  The KLM gate agent announced that passengers
were to report monetary instruments in excess of $10,000.00 to CBP
Officers before boarding KLM flight 670.  At around 2:51pm, Patel was
selected for currency verification inspection.  I asked Patel if she was
carrying any currency and, if so, how much.  At this point Patel declared
$10,000.00 to me both orally, in well-spoken English, and in writing on a
currency reporting form (CBP Form 503).  Patel was subsequently directed
to the outbound secondary area for a personal search.

6.    Afterwards, I asked Patel to place all of her money on a table.  Patel
complied and initially produced $10,000.00 in U.S. currency from her
purse.  Pursuant to 31 USC § 5317(b), Patel and her belongings were
searched to ensure compliance with § 5316.  Such search showed Patel to
be hiding or withholding from declaration a significant amount of currency.
Her purse was searched and another $1,789.00 was discovered.  Also,
$9,700.00 was discovered concealed within an envelope tucked into
clothing in her carry-on bag.  An additional $10,000.00 was discovered

inside a shoe and Patel was also in possession of ₹2,100 Indian rupees, the equivalent of $46.00 U.S. dollars.

7. A pat-down search was approved by Supervisory CBP Officer Jason P. Armand. After KLM flight 670 was scheduled to depart, CBP Officer Haiyen Renner conducted a pat-down of Patel and discovered $20.00 in her right pant leg pocket. CBP Officers ultimately verified a total amount equivalent to $31,657.00 U.S. dollars. Having observed a violation of 31 USC §§ 5316 and 5324, CBP Officers permitted Patel to keep the equivalent of $957.00 for herself, to include the ₹2,100 rupees, and seized the remaining $30,700.00.

8. As part of this investigation Patel's passport information was consulted. Patel's passport indicates that she traveled internationally in 2003 and 2008.

CONCLUSION

9. Based on the facts and circumstances set out in the preceding paragraphs; Patel's false statement to me, both orally and in writing, that she had $10,000.00 when in fact she had more than $10,000.00, the location of some of the concealed currency, and the oral warning made to travelers prior to my interview, there is probable cause to belive that the subject currency indentified in paragraph 3 is subject to forfeiture for a violation of 31 U.S.C. § 5316 because it was involved in a violation of 31 USC §§ 5316

and/or 5324. Therefore, the subject currency is subject to forfeiture

pursuant to 31 U.S.C. §§ 5316, 5317, and 5324(c).


*John M. Sears*

JOHN M. SEARS
Customs and Border Protection Canine Officer
U.S. Customs and Border Protection


Sworn to and subscribed before me on the *14* day of *Dec.*, 2010.

Notary Public, State of Texas

DEANNA J. MITCHELL
Notary Public, State of Texas
My Commission Expires
July 30, 2011

JS 44 (USAO Rev.7/98)       ● CIVIL COVER SHEET ● COPY

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM).

| I. (a) PLAINTIFF | DEFENDANT(S) |
|---|---|
| **UNITED STATES OF AMERICA** | **$30,700.00 IN U.S. CURRENCY** |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   **Indianapolis, IN**

(EXCEPT IN U.S. PLAINTIFF CASES)

(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Steven Jumes
United States Attorney's Office
1700 Burnett Plaza
801 Cherry St., Unit #4
Fort Worth, TX  76102
817.252.5251; fax 817.978.3094
Steve.Jumes@usdoj.gov

ATTORNEYS (IF KNOWN)

4-10 CV-953 A

| II. BASIS OF JURISDICTION        (PLACE "X" IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES        (PLACE AN "X" IN ONE BOX)   (FOR DIVERSITY CASES ONLY)              FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) |
|---|---|

**[X] 1** U.S. Government
Plaintiff

**[ ] 3** Federal Question
(U.S. Government Not a Party)

**[ ] 2** U.S. Government
Defendant

**[ ] 4** Diversity
(Indicate Citizenship of Parties in item  III)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | []1 | []1 | Incorporated or Principal Place | []4 | []4 |
| Citizen of Another State | []2 | []2 | Incorporated and Principal Place of Business in Another State | []5 | []5 |
| Citizen or Subject of a Foreign Cntry | []3 | []3 | Foreign Nation | []6 | []6 |

**IV. ORIGIN**                 (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 Original Proceeding    [] 2 Removed from State Court    [] 3 Remanded from Appellate Court    [] 4 Reinstated or Reopened    [] 5 Transferred from another district (specify)    [] 6 Multidistrict Litigation    [] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT**        (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [] 110 Insurance<br>[] 120 Marine<br>[] 130 Miller Act<br>[] 140 Negotiable Instrument<br>[] 150 Recovery of Overpayment & Enforcement of Judgment<br>[] 151 Medicare Act<br>[] 152 Recovery of Defaulted Student Loan (Excl. Veterans)<br>[] 153 Recovery of Overpayment at Veteran's Benefits<br>[] 160 Stockholders' Suits<br>[] 190 Other Contract<br>[] 195 Contract Product Liability | **PERSONAL INJURY**<br>[] 310 Airplane<br>[] 315 Airplane Product Liability<br>[] 320 Assault, Libel & Slander<br>[] 330 Federal Employers Liability<br>[] 340 Marine<br>[] 345 Marine Product Liability<br>[] 350 Motor Vehicle<br>[] 355 Motor Vehicle Product Liability<br><br>**PERSONAL INJURY**<br>[] 362 Personal Injury Med Malpractice<br>[] 365 Personal Injury Product Liability<br>[] 368 Asbestos Personal Injury Product Liability<br><br>**PERSONAL PROPERTY**<br>[] 370 Other Fraud<br>[] 371 Truth in Lending<br>[] 380 Other Personal Property Damage<br>[] 385 Property Damage Product Liability | [] 610 Agriculture<br>[] 620 Other Food & Drug.<br>[] 625 Drug Related Seizure of Property 21U.S.C. 881<br>[] 630 Liquor Laws<br>[] 640 R.R. & Truck<br>[] 650 Airline Regs.<br>[] 660 Occupational Safety/Health<br>[x] 690 Other | [] 422 Appeal 28 U.S.C. 158<br>[] 423 Withdrawal 28 U.S.C. 157<br><br>**PROPERTY RIGHTS**<br>[] 820 Copyrights<br>[] 830 Patent<br>[] 840 Trademark | [] 400 State Reapportionment<br>[] 410 Antitrust<br>[] 430 Banks and Banking<br>[] 450 Commerce/ICC Rates, etc<br>[] 460 Deportation<br>[] 470 Racketeer Influenced Corrupt Organizations<br>[] 810 Selective Service<br>[] 850 Securities/ Commodities/Exchange<br>[] 875 Customer Challenge 12 U.S.C. 3410<br>[] 891 Agricultural Acts<br>[] 892 Economic Stabilization Act<br>[] 893 Environmental Matters<br>[] 894 Energy Allocation Act<br>[] 895 Freedom of Information Act<br>[] 900 Appeal of Fee Determination Under Equal Access to Justice<br>[] 950 Constitutionality of State Statutes<br>[] 890 Other Statutory Actions |
| **REAL PROPERTY**<br>[] 210 Land Condemnation<br>[] 220 Foreclosure<br>[] 230 Rent Lease & Ejectment<br>[] 240 Torts to Land<br>[] 290 All other Real Property | **CIVIL RIGHTS**<br>[] 441 Voting<br>[] 442 Employment<br>[] 443 Housing/ Accommodations<br>[] 444 Welfare<br><br>**PRISONER PETITIONS**<br>[] 510 Motions to Vacate Sentence<br><br>**Habeas Corpus**<br>[] 530 General<br>[] 535 Death Penalty<br>[] 540 Mandamus & Other<br>[] 550 Other (including 1983 Actions) | **LABOR**<br>[] 710 Fair Labor Standards Act<br>[] 720 Labor/Mgmt. Relations<br>[] 730 Labor/Mgmt. Reporting & Disclosure Act<br>[] 740 Railway Labor Act<br>[] 790 Other Labor Litigation<br>[] 791 Empl. Ret. Inc. Security Act. | **SOCIAL SECURITY**<br>[] 861 HIA (1395f)<br>[] 862 Black Lung (923)<br>[] 863 DIWC/DIWW (405(g))<br>[] 864 SID Title XVI<br>[] 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>[] 870 Taxes (U.S. Plaintiff or Defendant)<br>[] 871 IRS - Third Party 26 U.S.C. 7609 | |

**VI. CAUSE OF ACTION**  (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTE UNLESS DIVERSITY)

**CIVIL FORFEITURE -- 31 U.S.C. §§5317(c)(2), 5313(a), 5316, and 5324**

| VII. REQUESTED IN COMPLAINT: | CHECK IF THIS IS A CLASS ACTION   [ ] UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND: [ ] YES   [XX ] NO |
|---|---|---|---|

**VIII. RELATED CASE(S)**   (See instructions):
**IF ANY**                           JUDGE_____ DOCKET NUMBER

DATE

**December 16, 2010**

SIGNATURE OF ATTORNEY OF RECORD

*Steven Jumes*

Steven Jumes,  Assistant United States Attorney

UNITED STATES DISTRICT COURT